IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| GREGORY T. DESHAZER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:12-CV-27-TMH |
| | ) | [WO] |
| | ) | |
| JAY JONES, | ) | |
| | ) | |
| Defendant. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

In this 42 U.S.C. § 1983 action, Gregory T. Deshazer ["Deshazer"], an indigent inmate currently incarcerated at the Lee County Detention Facility, challenges the constitutionality of his confinement based on a detainer lodged against him by the State of Mississippi. Compl. (Doc. No. 1) at 3.[1] Specifically, Deshazer maintains he is improperly incarcerated pursuant to the Mississippi detainer because he did not receive an initial appearance hearing on the detainer within seventy-two hours of the detainer being placed against him. He alleges this hearing is mandated by Rule 4.3(b)(2) of the Alabama Rules of Criminal Procedure. Deshazer also attacks the validity of the detainer and argues any confinement resulting therefrom unconstitutional. Deshazer seeks release from confinement

---

[1] The detainer is premised on criminal charges presented against Deshazer by the Circuit Court of Desoto, Mississippi for several offenses involving controlled substances. Attach. to Am. (Doc. No. 9-1).

and monetary damages from the defendant for the alleged violations of his constitutional rights. Compl. (Doc. No. 1) at 3.

Upon review of the complaint and amendment thereto, the court concludes dismissal of this case prior to service of process is proper under 28 U.S.C. § 1915(e)(2)(B)(ii).[2]

## II. DISCUSSION

In November of 2011, Lee County law enforcement officials arrested Deshazer for driving under the influence and placed him in the Lee County Detention Center on this charge. Subsequently, the State of Mississippi lodged a detainer against Deshazer with Lee County authorities regarding several criminal charges for which he had been indicted in Desoto County, Mississippi on June 9, 2011. Deshazer asserts Mississippi submitted the detainer to officials at the Lee County Detention Center in accordance with the Interstate Agreement on Detainers ["IAD"].[3] On January 25, 2012, Deshazer "appeared in a [Lee

---

[2] The court entered an order granting Deshazer leave to proceed *in forma pauperis* in this case. Order of January 11, 2012 (Doc. No. 3). Consequently, Deshazer must have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B), which requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

[3] "The Interstate Agreement on Detainers (IAD) is a compact entered into by 48 States, the United States, and the District of Columbia to establish procedures for resolution of one State's outstanding charges against a prisoner of another State . . . . As 'a congressionally sanctioned interstate compact' within the Compact Clause of the United States Constitution . . . the IAD is a federal law subject to federal construction." *New York v. Hill*, 528 U.S. 110, 111 (2000); *Hunter v. Samples*, 15 F.3d 1011, 1012 (11th Cir. 1994) ("The IADA is a compact entered into by 48 states and the United States whose purpose is to efficiently dispose of outstanding criminal charges brought against prisoners incarcerated in other jurisdictions."). "Article IV [of the IAD] provides the means by which a prosecutor who has lodged a detainer against a prisoner in another State can secure the prisoner's presence [in the prosecuting state] for disposition of the outstanding charges [made the

County] court on the driving under the influence charge and was given time served . . . . [O]n or about January 30, 2012, the Plaintiff appeared in court for the first time on the detainer charge and was given a copy of capias warrant from Desoto County, Mississippi . . . . That on or about February 9, 2012, the Plaintiff appeared in court and signed (consent) waiver of extradition . . . ." Am. (Doc. No. 9) at 3.

Deshazer asserts he is improperly incarcerated on the detainer lodged against him by the State of Mississippi. The claims presented to this court clearly go to the fundamental legality of Deshazer's current incarceration and, therefore, provide no basis for relief at this time. *Edwards v. Balisok,* 520 U.S. 641, 646 (1997); *Heck v. Humphrey,* 512 U.S. 477 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

In *Heck,* the Supreme Court held that a claim for damages challenging the legality of a prisoner's conviction or confinement is not cognizable in a 42 U.S.C. § 1983 action "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims must therefore be dismissed. 512 U.S. at 483-89. Under *Heck*, the relevant inquiry is "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of" the basis for his current incarceration. 512 U.S. at 487. The Court emphasized that "habeas corpus is the exclusive

---

basis of the detainer]." Once the detainer is lodged, a prisoner may file with the prosecuting authorities, in this case the prosecuting attorney and Circuit Court of Desoto County, Mississippi, written notice for final disposition of the indictment or other charging instrument and "he shall be brought to trial within 180 days after" delivery of this request. Art. III(a), Interstate Agreement on Detainers. The IAD, however, does not require an initial appearance hearing on the detainer charges in the state of confinement as this state has no jurisdiction over the charges.

remedy for a . . . prisoner who challenges" the basis for his confinement "even though such a claim may come within the literal terms of § 1983" and, based on the foregoing, concluded that Heck's complaint was due to be dismissed as no cause of action existed under section 1983. 512 U.S. at 481. In so doing, the Court rejected the lower court's reasoning that a section 1983 action should be construed as a habeas corpus action.

In *Balisok*, the Court concluded that a state prisoner's "claim[s] for declaratory [and injunctive] relief and money damages, . . . that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983 . . . ." unless the prisoner can demonstrate that the challenged action has previously been invalidated. 520 U.S. at 648. Moreover, the Court determined that this is true not only when a prisoner challenges the judgment as a substantive matter but also when "the nature of the challenge to the procedures could be such as necessarily to imply the invalidity of the judgment." *Id.* at 645. The Supreme Court reiterated the position taken in *Heck* that the "sole remedy in federal court" for a prisoner challenging the constitutionality of a term of incarceration is a petition for writ of habeas corpus filed in accordance with the directives of 28 U.S.C. § 2254. *Balisok*, 520 U.S. at 645. Additionally, the Court "reemphasize[d] . . . that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." *Id*. at 649.

Deshazer challenges the constitutionality of his current incarceration pursuant to a detainer lodged against him by the State of Mississippi. A judgment in favor of Deshazer

on the claims raised in this complaint would necessarily imply the invalidity of his incarceration. It is clear from the records of this court that the detainer and resulting confinement about which the plaintiff complains have not been invalidated in an appropriate proceeding. Consequently, the instant collateral attack is prohibited and subject to summary dismissal in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii). *Balisok,* 520 U.S. at 645; *Heck,* 512 U.S. at 481; *Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973).[4]

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice prior to service of process in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii). It is further

ORDERED that the parties are DIRECTED to file any objections to the Recommendation **on or before March 2, 2012**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

---

[4] In addition, the court notes the state rule of criminal procedure on which Deshazer partially bases his claims for relief is inapplicable to confinement premised on a detainer; instead, this rule addresses the necessity of an initial appearance before a judge or magistrate judge within seventy-two hours of an arrest pursuant to a complaint or indictment. Lee County officials arrested Deshazer for driving under the influence. Their subsequent acceptance of the Mississippi detainer did not constitute an arrest on the charges underlying the detainer. Moreover, it is clear the initial appearance requirement is not applicable to a detainer lodged by another state as Alabama has no jurisdiction to address the charges contained in the detainer.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 17th day of February, 2012.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE